IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMIAH IEREMIA,<br><br>Defendant. | Case No. 16-cr-00744-DKW-1<br><br>**SECOND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

On January 7, 2021, this Court entered an Order denying Defendant Jeremiah Ieremia's motion for compassionate release under 18 U.S.C. Section 3582(c)(1)(A)(i) for two distinct reasons: (1) he failed to show an extraordinary and compelling reason for his release having already contracted and recovered from the coronavirus; and (2) the sentencing factors under 18 U.S.C. Section 3553(a) would have been "undermine[d]" had Ieremia been released roughly 50 months into his 170-month sentence for managing a methamphetamine distribution conspiracy. Dkt. No. 822.   Although this matter now returns to the Court following the Ninth Circuit Court of Appeals' remand of the January 7, 2021 Order for reconsideration in light of the Circuit's guidance in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), based upon Ieremia's supplemental briefing, little to nothing has changed in his circumstances that would support his release.   In fact, the circumstances of this

case indicate that early release is even less appropriate now. Notably, the coronavirus case numbers at Ieremia's place of incarceration have dropped significantly, and Ieremia has declined to be vaccinated. Further, nothing has changed with respect to the circumstances of Ieremia's offense or his criminal history−matters that the Court is unwilling to ignore by releasing Ieremia having served only a modest fraction of his sentence. Therefore, the Court once again DENIES Ieremia's motion for compassionate release, Dkt. No. 813.

## LEGAL STANDARD

Pursuant to Section 3582(c), a court may not modify a term of imprisonment, except, as pertinent here, if: (1) the defendant exhausts administrative remedies to the extent set forth in the statute; (2) the Court considers the factors set forth in 18 U.S.C. Section 3553(a); and (3) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[1]

## DISCUSSION

In his supplemental briefing, Ieremia asserts that, due to his obesity, he is "still at risk of contracting (or re-contracting Covid-19)." Dkt. No. 942 at 2. He further asserts that, while the Bureau of Prisons (BOP) may report zero active cases

---

[1] The statute also requires that a sentence reduction be "consistent with applicable policy statements" of the U.S. Sentencing Commission, but the Ninth Circuit has concluded that no such policy statement exists for motions brought by a defendant under Section 3582(c)(1)(A). *Aruda*, 993 F.3d at 802.

at his prison−USP Lompoc−a recent news article suggests there were eight active cases of coronavirus as of August 25, 2021.  *Id*. at 2-3.  He also argues that individuals who have been vaccinated or who have contracted the coronavirus in the past may still be susceptible to serious illness.  *Id*. at 3-4.  Finally, Ieremia contends that, having now served 57 months of his 170-month sentence, "the time served is sufficient."  *Id*. at 4-5.  The Court addresses each argument in turn.

     First, Ieremia has not shown that he is at risk of re-contracting the coronavirus.  Case numbers at USP Lompoc have dramatically dwindled from 56 at the time of the Court's January 7, 2021 Order, *see* Dkt. No. 822 at 6, to a vanishingly low 4 now−none of which is among the inmate population.  *See* https://www.bop.gov/coronavirus (last visited September 27, 2021).  Four non-inmate cases of coronavirus in a prison the size of USP Lompoc, which houses more than a thousand inmates, does not represent an extraordinary and compelling circumstance.[2]  Second, as in January 2021, the Centers for Disease Control (CDC) still reports that, while reinfection with coronavirus can be "expected[,]" it "remain[s] rare."  *See*

---

[2]While Ieremia cites to a newspaper article from the Lompoc area stating that there were eight active cases at USP Lompoc as of August 25, 2021, Dkt. No. 942 at 2, the article, like the Court, relies on information obtained from the BOP.  *See* https://lompocrecord.com/news/local/crime-and-courts/8-lompoc-prison-staff-members-1-inmate-infected-with-covid-19/article_21cd6e71-546c-5730-9fba-1dd71c6ec969.html (last visited September 24, 2021).

3

https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited September 24, 2021); Dkt. No. 822 at 7.  The Court, thus, still finds that the rare chance of reinfection does not constitute an extraordinary and compelling reason for release.

Third, Ieremia has presented no support for his contention that, even if he was vaccinated, which, through his own choice, he is not, he might still be at increased risk of reinfection.  The CDC reports that mRNA vaccines, such as the Moderna vaccine that Ieremia declined to take, "reduc[e] the risk of COVID-19, including severe illness, among people who are fully vaccinated by 90 percent or more."  *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited September 24, 2021).  Moreover, "mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them."  *Id*.  The study and articles to which Ieremia cites (Dkt. No. 942 at 3-4 nn. 3-4) do not undermine the CDC's analysis.[3]

Finally, although Ieremia contends that serving roughly one-third of his 170-month sentence is "sufficient" to meet the goals of sentencing, he fails to even address those goals−in particular, the ones the Court emphasized in the January 7, 2021 Order: deterrence and protection of the public.  *See* Dkt. No. 822 at 8-9.

---

[3] The articles, at most, theorize what the impact of obesity might be on the effectiveness of vaccination, as no meaningful data had yet been reported.  The study is equally inconclusive.

Serving an additional eight months of his sentence has done nothing to alter the Court's analysis and weighing of these factors.   In short, the Court still finds that releasing Ieremia from his sentence now would "undermine the goals of sentencing…," *id*. at 9, and create unwarranted disparities with the sentences received by others convicted of similar conduct, 18 U.S.C. Section 3553(a)(6).

Ieremia's motion for compassionate release, Dkt. No. 813, is DENIED.  With good cause appearing, and there being no stated opposition, Ieremia's motion to seal, Dkt. No. 943, is GRANTED.   Ieremia is directed to file the relevant exhibit under seal and the same shall be kept under seal until further order of this Court.

IT IS SO ORDERED.

DATED: September 27, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

United States of America v. Jeremiah Ieremia; CR 16-00744 DKW; **SECOND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**